IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-750-M-KS

| | |
|---|---|
| LAWRENCE HUGER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **& RECOMMENDATION** |
| ALLIED UNIVERSAL at Crabtree Valley ) | |
| Mall, KAITY McCARREY, MARQUEE ) | |
| MERCER, MICHAEL LASTINGER, and ) | |
| D'ANDRE HANES, ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Richard E. Myers II, Chief United States District Judge. For the reasons set forth below, the court recommends that Plaintiff's complaint be dismissed in part.

I. Posture

On November 24, 2025, the court granted Plaintiff's application to proceed in forma pauperis, ordered Plaintiff to particularize the complaint to correct deficiencies that would normally warrant dismissal under Rule 8 of the Federal Rules of Civil Procedure, and ordered Plaintiff to submit a notice of self-representation form and financial disclosure statement. (11/24/2025 Order [DE #9].)[1] On December 12, 2025,

---

[1] On December 3, 2025, Plaintiff filed a notice of self-representation, a financial disclosure statement, an updated IFP application, and an updated civil cover sheet

Plaintiff filed an amended complaint with several attachments. (Am. Compl. [DE #14]; Statement of Claim [DE #14-1]; Relief [DE #14-2]; EEOC Charge of Discrimination [DE #14-3].)

## II. Plaintiff's Amended Complaint

While not a model of clarity, Plaintiff's amended complaint and attachments provide sufficient factual information for the court to discern that Plaintiff sues Defendant Allied Universal of Crabtree Valley Mall under the Americans with Disabilities Act (ADA), as amended, for failing to hire him for a job. (Am. Compl. at 2.) The remaining four defendants are individuals—one appears to be a corporate head of Allied Universal and the other three are employees of Allied Universal involved in the interviewing of Plaintiff and decision not to hire Plaintiff. (Statement of Claim.) Based on a liberal interpretation of Plaintiff's amended complaint and attachments, see (11/24/2025 Order at 2–3 (reciting the standard of review for reviewing complaints under 28 U.S.C. § 1915(e)(2))), the court cannot say, at this stage of the litigation, that Plaintiff's claim against Defendant Allied Universal of Crabtree Valley Mall is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. Accordingly, Plaintiff's claim under the ADA, as amended, against Defendant Allied Universal of Crabtree Valley Mall should survive frivolity review.

---

[DE ##10–13]. Plaintiff has therefore complied with this aspect of the November 24, 2025, order.

However, Plaintiff's claims against the individual defendants should be dismissed because individuals cannot be found liable under the ADA. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999).

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that Plaintiff be allowed to proceed on his ADA claim against Defendant Allied Universal of Crabtree Valley Mall and that Plaintiff's ADA claims against Defendant Kaity McCarrey, Marquee Mercer, Michael Lastinger, and D'Andre Hanes be dismissed as frivolous or for failure to state a claim.

It is DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff, who is hereby advised as follows:

You shall have until **January 2, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Order and Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Order and Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. (May 2023).

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review by the presiding

district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Order and Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 16th day of December 2025.

_____
KIMBERLY A. SWANK
United States Magistrate Judge